### BEN P. SMART v. ELIZABETH P. MONTCALM.

[Abstract Kentucky Law Reporter, Vol. 2—317.]

**Conveyance of Life Estate.**

In a conveyance to the mother of a grantor during her natural life, and after the death of the mother the whole of the property to go to grantor's wife and the children, if there should be any living

at the time of the death of the mother, the wife, although she had no children on the happening of the event, takes a fee simple title to the property; but when the conveyance provides that "if she should die leaving no children of the marriage, then the property to go to the right heirs of the undersigned, after the death of the undersigned," it means not that such title should pass to his right heirs if the wife survived him, but that it should so pass after his death in the event he survived his wife.

## APPEAL FROM LOUISVILLE CHANCERY COURT.

March 5, 1881.

OPINION BY JUDGE PRYOR:

The conveyance of the house and lot to the mother of the grantor is for and during her natural life, and then a fee is attempted to be vested in the appellee (the wife of the grantor) and her children, if any living, at the death of the tenant for life. If there was nothing more in the conveyance than the clause "and after the death of the said Caroline (the mother) the whole of the property aforesaid is to go to Elizabeth P. Montcalm, wife of the undersigned, and the children, if there should be any living, at the time of the death of the said Caroline," there would be no doubt but that the wife, although she had no children on the happening of the event, would take fee simple title to the property, and such, doubtless, was the intention of the grantor; but as she might die without children prior to the death of the grantor, or in the event he survived her, he saw the necessity of reserving title in himself, and on the happening of such a contingency, he provided that "if she should die leaving no children of the marriage, then the property to go to the right heirs of the undersigned, after the death of the undersigned," not that it should pass to his right heirs if the wife survived him, but that it should so pass after his death in the event he survived his wife. He seems to have had no near relations, and after giving his mother a life interest, his object, as is manifest from the conveyance, was to secure the fee to his wife and children, and to reserve in himself an interest in the event of his surviving his wife and her dying without children.

While the devise to the wife by the husband of this same property after the execution of the conveyance may evidence his intention that his wife should own it absolutely, it can not be looked to in the construction of the conveyance. Besides, this conveyance

having been made prior to the adoption of the General Statutes, it may well be argued that the reservation of the estate in the grantor, with a clause in the conveyance that it should go to his right heirs after his death, did not divest the grantor of title, and his heirs would take by descent and not by purchase.

The judgment below is therefore *affirmed.*

*J. Barbour, N. T. Crutchfield, for appellant.*

*Wm. Carroll, for appellee.*